IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Aayan Naim Bey, | Case Nos. 3:09 CV 2690 |
| | 3:10 CV 160 |
| Plaintiff, | |
| | MEMORANDUM OPINION |
| -vs- | AND ORDER |
| ABCO Towing, | JUDGE JACK ZOUHARY |
| Defendant. | |

### INTRODUCTION

*Pro se* Plaintiff Aayan Naim Bey filed this action against Defendant ABCO Towing alleging that ABCO stole his car. When Bey tried to retrieve the car, he was allegedly told that he first needed permission from a third party. Bey argues this theft violated his due process right to travel under the Fifth Amendment to the United States Constitution, and violated 18 U.S.C. §§ 1961-62, 2119, and 2312-13.

### ANALYSIS

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, the district court is required to dismiss an *in forma pauperis* action if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. 28 U.S.C. § 1915(e)(2). For reasons stated below, this action is dismissed.

**Federal Claims**

Plaintiff alleges Defendant violated certain federal criminal statutes and certain constitutional rights (Doc. No. 1, p. 3). Neither allegation states a claim upon which relief can be granted.

The federal statutes cited by Plaintiff in his Complaint are criminal statutes. *See* 18 U.S.C. §§ 1961-62, 2119, and 2312-13. A private citizen has no authority to bring a criminal action in federal court. *Zukowski v. Bank of Am.*, 2009 WL 2132620,*2 (S.D. Ohio 2009). A private citizen may however bring a civil suit alleging violation of 18 U.S.C. § 1962. *See* 18 U.S.C. § 1964(c). Plaintiff does not however allege facts sufficient to support such a claim. He does not describe a "pattern of racketeering activity" or "collection of an unlawful debt." 18 U.S.C. § 1962. Rather, Plaintiff merely alleges his car was stolen by Defendant.

Plaintiff also argues denial of his constitutional right to travel (Doc. No. 1, p. 3). The remedy for deprivation of constitutional rights by a person acting under color of state law is found in 42 U.S.C. § 1983. In order to state a claim under Section 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978). "A plaintiff does not have a cause of action under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Defendant is a private party and could not have been acting under color of state law. Therefore, Section 1983 is not applicable.

**State Law Claims**

Plaintiff is upset that Defendant allegedly "stole" his vehicle (Doc. No. 1, p. 2). Liberally construing the Complaint, Plaintiff alleges conversion, a state law claim. *See City of Findlay v. Hotels.com, L.P.,* 441 F. Supp. 2d 855, 864 (N.D. Ohio 2006) ("conversion is the wrongful exercise of dominion over property in exclusion of the right of the owner, or withholding it from his possession under a claim inconsistent with his rights"). However, Plaintiff and Defendant are both citizens of the State of Ohio. Therefore, diversity of citizenship does not exist. This Court declines to exercise supplemental jurisdiction over the conversion claim because the federal question claims are dismissed as discussed above. *See* 28 U.S.C. § 1367(c)(3). Therefore, Plaintiff's state law conversion claim is dismissed for lack of jurisdiction.

**Second Complaint**

Plaintiff filed a second Complaint against Defendant in this Court (Case No. 3:10 CV 160, Doc. No. 1). This second Complaint raises the same claims and alleges the same facts. Therefore, it too is dismissed, for the same reasons described above.

## CONCLUSION

Accordingly, Plaintiff's Motion to Proceed *in forma pauperis* is granted. This action is dismissed under 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 26, 2010